# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | |
|---|---|
| J. Doe, as personal representative (PR), | Case No. 8:23-cv-6873-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Augusta University, f/k/a the Medical College of Georgia (MCG), *et al.* | |
| Defendants. | |

This matter comes before the Court on a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff's motion to reopen the case which she voluntarily dismissed under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Dkt. No. 25). Plaintiff has timely filed objections to the R & R. (Dkt. No. 30).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

1

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

Plaintiff has made dozens of often duplicative objections to the R & R. The Court addresses the non-duplicative objections below.

A.  <u>Assignment of Pretrial Matters to the Magistrate Judge</u>:

Plaintiff raised multiple objections to the participation of the Magistrate Judge in addressing pretrial matters "without consent and without statutory authorization." (Dkt. No. 30 at 2). Plaintiff misunderstands the role of the Magistrate Judge in this matter. The Magistrate Judge has not been assigned the full case, which would require the consent of the parties. 28 U.S.C. § 636(c)(1). The District of South Carolina is authorized, pursuant to 28 U.S.C. §636(b)(1), to assign pretrial matters to a magistrate judge, who is then authorized to submit a report and recommendation to a district judge. Local Rule 73.02(B) (D.S.C.). Magistrate Judge William Brown was assigned under the Local Rule to handle pretrial matters in this case, based on Plaintiff's pro se status, and issued a report and recommendation to this Court for a final decision. No consent of the parties is required for the assignment of this pretrial work to a Magistrate Judge. Consequently, the Court overrules the objections of the Plaintiff regarding Magistrate Judge Brown's performance of pretrial duties and submission of the R & R (Dkt. No. 25) in this case.

B.  <u>The Right of Plaintiff to Restore Her Case to the Docket after Voluntary Dismissal under Rule 41(a)(1)(A)(i)</u>:

Plaintiff voluntarily dismissed her case on February 8, 2024, which was her right to do without court order or consent of defendants under Rule 41(a)(1)(A)(i). (Dkt. No. 6). This terminated Plaintiff's case and ended the Court's jurisdiction over the matter. *Waetig v.*

*Halliburton Energy Services, Inc.*, 145 S. Ct. 690, 694 (2025). On February 6, 2025, Plaintiff filed a motion to restore her case to the docket. As the Magistrate Judge correctly noted in the R & R, "district courts lack jurisdiction to grant a motion to reopen where a plaintiff has previously voluntarily dismissed the action pursuant to Rule 41(a)(1)(A)(i)." *Emory v. Home Centers, LLC*, 2021 WL 5361834 at *1(D.S.C. 2021), *Report and Recommendation adopted*, 2021 WL 4859942 (D.S.C. 2021).

Plaintiff has objected to the R & R finding that the Court lacks jurisdiction to reopen a case dismissed under Rule 41(a)(1)(A)(i). She argues that she has a unilateral right to restore the case to the docket by simply providing notice of intent to restore. (Dkt. No. 30 at 6). Plaintiff points to Rule 40(j) of the South Carolina Rules of Civil Procedure, which does provide a litigant in a South Carolina state court under certain circumstances the right to restore a case stricken from the docket within one year of the dismissal. (*Id*. at 10). The Federal Rules of Civil Procedure have no similar provision.

The Magistrate Judge correctly found that Rule 41(a)(1)(A)(i) does not authorize a party to unilaterally restore a case voluntarily dismissed onto the docket, and a federal court has no jurisdiction to reopen a case once dismissed under that Rule. The Court adopts the portion of the R & R from page 1 through the first paragraph of Page 7 as the order of the Court. (Dkt. No. 25).

C. Plaintiff's Right to Relief from her Voluntary Dismissal under Rule 60(b):

The United States Supreme Court in *Waetzig v. Haliburton Energy Services, Inc.*, in a decision issued just this past January, ruled that a Rule 41 voluntary dismissal without prejudice qualifies as a "final proceeding" under Rule 60(b) and provides a potential path to set aside a voluntary dismissal if a plaintiff can satisfy the demanding standards of Rule 60. 145 S. Ct. 690, 696 (2025). To qualify for relief under Rule 60 from a final judgment, a party must first

3

demonstrate (1) timeliness, (2) a meritorious claim or defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. *Wells Fargo Bank, N.A., AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). If a party is able to satisfy these threshold requirements for Rule 60 relief, then the party must satisfy one of the six sections of Rule 60(b). *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).[1]

Plaintiff has filed objections to the recommendation of the R & R that a voluntary dismissal constitutes a final judgment in which Rule 60(b) may provide possible relief. (Dkt. No. 30 at 11-12). Plaintiff misunderstands that this finding by the Magistrate Judge is favorable to her position and is a correct interpretation of Supreme Court precedent. The Court overrules Plaintiff's objection that voluntary dismissal constitutes a final judgment under Rule 60(b).

Plaintiff further asserts that her decision to voluntarily dismiss the case was due to a delay in obtaining access to relevant medical records of the decedent caused by "defendants wrongdoing with wrongful delay, despite multiple timely requests and compliance with requirements and fees . . ." (Dkt No. 30-1 at 1). Plaintiff asserts that this delay prevented her from timely obtaining an expert witness affidavit. (*Id.*).

The Magistrate Judge noted the Plaintiff's argument that she was delayed access to the decedent's medical records and found "without further explanation," this alone was "insufficient to satisfy the extraordinary circumstances" required for relief as a threshold matter under Rule 60. (Dkt. No. 25 at 9). The record clearly establishes that the Magistrate Judge provided Plaintiff earlier an opportunity to provide greater detail in support of relief under Rule 60. (Dkt. No. 18).

---

[1] The six grounds for relief under Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; and (6) any other reason that justifies relief.

However, recognizing that Plaintiff was acting pro se, the Court finds that the interests of justice are best served by remanding this matter to the Magistrate Judge to allow Plaintiff an additional opportunity to address with specificity and documentation any alleged "wrongdoing" by Defendants in withholding medical records. Unless Plaintiff can demonstrate a sufficient factual basis for a finding of "exceptional circumstances" for relief from her voluntary dismissal, she cannot satisfy the threshold requirements for relief under Rule 60. The information thus far presented by Plaintiff is not sufficient to demonstrate "exceptional circumstances" for Rule 60 relief.

On remand, the Magistrate Judge should further address Plaintiff's requirement of showing a meritorious claim as a threshold requirement under Rule 60. In reviewing Plaintiff's complaint, the Court has identified a number of issues which may impact on whether Plaintiff can demonstrate a meritorious claim in this case. This is not intended to be an exhaustive list and the Magistrate Judge may identify other issues that are relevant to the issue of whether Plaintiff has presented a meritorious claim.

1. Did Plaintiff timely provide ante litem notice to Defendant Augusta University, as required under OCGA § 50-21-26(a)? Under Georgia state law, ante litem notice must be timely presented to a state agency within one year and a failure to provide proper ante litem notice is a jurisdictional bar to relief. *Cummings v. Georgia Department of Juvenile Justice*, 653 S.E.2d 729, 731 (Ga. 2007).

2. Is Defendant Erika Simmerman Mabes, D.O., alleged in Plaintiff's complaint as being an employee of Defendant Augusta University acting within the scope of duties (Dkt.

No. 1 at 2), subject to suit for alleged malpractice under the Georgia Tort Claims Act? See *Shekhawat v. Jones*, 746 S.E. 2d 89, 91 (Ga. 2013).

3. Was Plaintiff required under OCGA § 9-11-9.1(a) to submit an expert affidavit with her complaint regarding alleged medical malpractice against Defendants Select Medical Holdings Corp. and Select Specialty Hospital-Augusta, Inc.? Did Plaintiff submit such an affidavit with her complaint or meet the exception provided in §9-11-9.1(b)?

4. Does Plaintiff have general or specific jurisdiction over any of the Georgia-based Defendants in an action brought in the District of South Carolina?

5. Is a suit in federal court against Augusta University, alleged in the complaint to be a Georgia state institution, barred by the Eleventh Amendment?

6. In regard to Plaintiff's claims against Defendant Greenwood Regional Rehabilitation Hospital, did Plaintiff comply with the pre-suit requirements of filing a Notice of Intent to File Suit and submitting an expert report set forth in S.C. Code § 15-79-125 prior to bringing a medical malpractice claim? If Plaintiff failed to comply with the requirements of §15-79-125, does this bar a claim against a party subject to its provisions?

7. Plaintiff identifies herself in the complaint as the personal representative of the estate of the decedent.[2] Has Plaintiff been appointed as the personal representative of the

---

[2] Defendant identified the decedent as Naomi Hyler Collie in the complaint. (Dkt. No. 1 at 5). Plaintiff was apparently the daughter of Ms. Collie.

estate of the decedent? If not, was Plaintiff qualified to bring a survival action on behalf of the estate of the decedent?

8. Plaintiff asserts a claim for damages under the Patient Protection and Affordable Care Act, 42 U.S.C § 18001 *et seq*., for alleged acts of alleged age discrimination against Defendants. Are Plaintiff's damage claims recoverable under the Affordable Care Act? See *Cummings v. Premier Rehab Keller*, P.L.L.C., 142 U.S. 212, 219-230 (2022).

9. Plaintiff has asserted a claim for unjust enrichment against Defendants for "unequal treatment, unjustified withholding of medically necessary healthcare services, [and] failure without just cause to render in good faith the usual and customary medically necessary healthcare services . . ." (Dkt. No. 1 at 8). If Plaintiff's claims are barred on the basis of a failure to satisfy pre-suit requirements, an expert affidavit, jurisdictional requirements, sovereign immunity, the absence of legal authority to assert a claim, and/or the absence of a private right of action, what impact would that have on Plaintiff's unjust enrichment claim? Since both Georgia and South Carolina provide legal causes of action and remedies for medical malpractice actions, does that bar Plaintiff from asserting the equitable claim of unjust enrichment?[3]

If the Magistrate Judge determines that Plaintiff's claims can satisfy the threshold requirements for Rule 60 relief, he must then determine if Plaintiff falls within one of the six bases for relief under Rule 60(b). Upon completing further review after remand, the Magistrate Judge will submit a new R & R to the Court.

**AND IT IS SO ORDERED.**

---

[3] After filing a motion to restore the case to the docket, Plaintiff filed an amended complaint. (Dkt. No. 22). Unless Plaintiff can be relieved from her voluntary dismissal of the action under

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

May 27, 2025  
Charleston, South Carolina

---

Rule 41(a)(1)(A)(i), the Court has no jurisdiction to consider the recently filed amended complaint.