IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| J. Doe, as Personal Representative,<br><br>    Plaintiff,<br>    v.<br><br>Augusta University, *et al.*,<br><br>    Defendants. | C/A: 8:23-cv-6873-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 52) of the Magistrate Judge recommending that the Court deny Plaintiff's motion to restore this action under Fed. R. Civ. P. 41(a), deny all pending motions to recuse, deny Plaintiff's motion for reconsideration of two specific orders, and deny all other pending motions as moot. For the reasons set forth below, the Court adopts the R&R as the order of the Court and denies Plaintiff's motion to restore, denies Plaintiff's motions for recusal, denies Plaintiff's motion for reconsideration, denies Plaintiff's motion for extension of time, and denies all other pending motions as moot.

**I.    Background and Relevant Facts**

Plaintiff, proceeding pro se, commenced this action on December 27, 2023, purporting to bring this case using the pseudonym "J. Doe" to bring claims on behalf of Decedent's estate. Decedent is allegedly Plaintiff's mother. At bottom, Plaintiff alleges Defendants committed medical malpractice and caused her mother's death.

On February 8, 2024, Plaintiff filed a notice of voluntary dismissal. (Dkt. No. 6). In full, the notice stated that "[p]urusant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the Plaintiff J. Doe and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, without prejudice against the defendants . . . ." (*Id.* at 2).

On February 6, 2025, Plaintiff filed a motion to restore her case to the docket. (Dkt. No. 12). Plaintiff cited Fed. R. Civ. P. 41 in her motion.

On April 24, 2025, the Magistrate Judge issued an R&R recommending that the Court deny Plaintiff's motion to restore. (Dkt No. 25). Plaintiff objected to the R&R. (Dkt No. 30).

The Court issued an Order on May 27, 2025, remanding the matter to the Magistrate Judge for further proceedings. In the May 27 Order, the Court noted that precedent dictated treating Plaintiff's February 8, 2024, voluntary dismissal as a "final proceeding" under Fed. R. Civ. P. 60(b). *See Waetzig v. Haliburton Energy Services*, 604 U.S. 305 (2025). So, to reopen her case, Plaintiff had to satisfy Rule 60(b)'s requirements. *See id.* at 319 ("For the above reasons, a Rule 41(a) voluntary dismissal without prejudice counts as a 'final proceeding' under Rule 60(b). When the requirements of Rule 60(b) are satisfied, a district court may relieve a party from such a dismissal and reopen the case."). The Court noted that, to qualify for relief under Rule 60 from a final judgment, a party must demonstrate (1) timeliness, (2) a meritorious claim or defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. *Wells Fargo Bank, N.A., AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017); *Boyd v. Bulala*, 905 F.2d 764, 769 (4th Cir. 1990).

Plaintiff had argued she voluntarily dismissed her case "due to a delay in obtaining access to relevant medical records of the decedent caused by 'defendants['] wrongdoing with wrongful delay . . . .' " (Dkt. No. 32 at 4). Plaintiff asserted that this delay prevented her from timely obtaining an expert affidavit and that, in turn, these circumstances justified granting relief under Rule 60(b).

While the Magistrate Judge had recommended denying Plaintiff's motion to restore, this Court found that the interests of justice were best served by remanding the matter to the Magistrate

Judge to allow Plaintiff an additional opportunity to develop her Rule 60(b) arguments. *See* (*id.* at 5) ("However, recognizing that Plaintiff was acting pro se, the Court finds that the interests of justice are best served by remanding this matter to the Magistrate Judge to allow Plaintiff an additional opportunity to address with specificity and documentation any alleged 'wrongdoing' by Defendants in withholding medical records. Unless Plaintiff can demonstrate a sufficient factual basis for a finding of 'exceptional circumstances' for relief from her voluntary dismissal, she cannot satisfy the threshold requirements for relief under Rule 60. The information thus far presented by Plaintiff is not sufficient to demonstrate 'exceptional circumstances' for Rule 60 relief.").

The Court directed the Magistrate Judge to address Rule 60(b)'s requirement that Plaintiff show a "meritorious claim." (*Id.*). The Court identified several issues relevant to this question:

1. Did Plaintiff timely provide ante litem notice to Defendant Augusta University, as required under OCGA § 50-21-26(a)? Under Georgia state law, ante litem notice must be timely presented to a state agency within one year and a failure to provide proper ante litem notice is a jurisdictional bar to relief. *Cummings v. Georgia Department of Juvenile Justice*, 653 S.E.2d 729, 731 (Ga. 2007).

2. Is Defendant Erika Simmerman Mabes, D.O., alleged in Plaintiff's complaint as being an employee of Defendant Augusta University acting within the scope of duties, (Dkt. No. 1 at 2), subject to suit for alleged malpractice under the Georgia Tort Claims Act? *See Shekhawat v. Jones*, 746 S.E. 2d 89, 91 (Ga. 2013).

3. Was Plaintiff required under OCGA § 9-11-9.1(a) to submit an expert affidavit with her complaint regarding alleged medical malpractice against Defendants Select Medical Holdings Corp. and Select Specialty Hospital-Augusta, Inc.? Did

Plaintiff submit such an affidavit with her complaint or meet the exception provided in §9-11-9.1(b)?

4. Does Plaintiff have general or specific jurisdiction over any of the Georgia-based Defendants in an action brought in the District of South Carolina?

5. Is a suit in federal court against Augusta University, alleged in the complaint to be a Georgia state institution, barred by the Eleventh Amendment?

6. In regard to Plaintiff's claims against Defendant Greenwood Regional Rehabilitation Hospital, did Plaintiff comply with the pre-suit requirements of filing a Notice of Intent to File Suit and submitting an expert report set forth in S.C. Code § 15-79-125 prior to bringing a medical malpractice claim? If Plaintiff failed to comply with the requirements of §15-79-125, does this bar a claim against a party subject to its provisions?

7. Plaintiff identifies herself in the complaint as the personal representative of the estate of the decedent. Has Plaintiff been appointed as the personal representative of the estate of the decedent? If not, was Plaintiff qualified to bring a survival action on behalf of the estate of the decedent?

8. Plaintiff asserts a claim for damages under the Patient Protection and Affordable Care Act, 42 U.S.C § 18001 et seq., for alleged acts of alleged age discrimination against Defendants. Are Plaintiff's damage claims recoverable under the Affordable Care Act? *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 U.S. 212, 219-230 (2022).

9. Plaintiff has asserted a claim for unjust enrichment against Defendants for "unequal treatment, unjustified withholding of medically necessary healthcare

services, [and] failure without just cause to render in good faith the usual and customary medically necessary healthcare services . . . ." (Dkt. No. 1 at 8). If Plaintiff's claims are barred on the basis of a failure to satisfy pre-suit requirements, an expert affidavit, jurisdictional requirements, sovereign immunity, the absence of legal authority to assert a claim, and/or the absence of a private right of action, what impact would that have on Plaintiff's unjust enrichment claim? Since both Georgia and South Carolina provide legal causes of action and remedies for medical malpractice actions, does that bar Plaintiff from asserting the equitable claim of unjust enrichment?

(*Id.* at 5-7) (footnotes omitted).

On May 28, 20205, the Magistrate Judge issued a text order[1] effectuating the Court's May 27 Order. (Dkt. No. 38).

Plaintiff, however, never provided the Court with answers to these questions. Instead, on June 6, 2025, she filed an interlocutory appeal of the Magistrate Judge's May 28 text order with the United States Court of Appeals for the Fourth Circuit. (Dkt. No. 41).

On June 13, 2025, Plaintiff filed in this court a motion for reconsideration of the Court's May 27, 2025 Order and the May 28, 2025 Text Order. (Dkt. No. 46).

---

[1] "TEXT ORDER. On February 6, 2025, Plaintiff filed a Motion to Restore, which is construed as a Motion for Relief from a Final Proceeding pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 12 . By Order dated May 27, 2025, the Honorable Richard M. Gergel recommitted the matter to the undersigned to further consider whether Plaintiff can satisfy the requirements for relief under Rule 60(b), including the threshold requirement of showing a meritorious claim. ECF No. 32 . Therefore, Plaintiff is given twenty (20) days from the date of this Order to submit supplemental briefing and documents to present arguments and information related to the standard for relief under Rule 60(b) and to address the issues identified in Judge Gergel's May 27 Order (ECF No. 32 ). IT IS SO ORDERED."

On July 8, 2025, the Fourth Circuit granted Plaintiff's motion to hold her own appeal in abeyance pending "resolution of the Rule 59 motion by the district court." (Dkt. No. 51). For reasons unknown, the Fourth Circuit did not transmit notice of its decision to this Court until months later on September 11, 2025.

On September 12, 2025, the Magistrate Judge issued a detailed 44-page R&R recommending that Plaintiff's motion to restore be denied. The R&R also recommend that Plaintiff's pending motions for recusal be denied, that Plaintiff's motion for reconsideration be denied, and that all other pending motions be denied as moot. The Court mailed Plaintiff a copy of the R&R.

On September 23, 2025, Plaintiff filed an "amended notice of appeal" of the R&R. (Dkt. No. 52).

On September 25, 2025, Plaintiff filed a motion for "enlargement of time." (Dkt. No. 58). Plaintiff asks that the Court hold the deadline for her filing objections to the R&R in abeyance pending her appeal. (*Id.* at 1).[2]

Plaintiff's objections to the R&R were due on September 26, 2025. Plaintiff, however, did not file any objections to the R&R.

## II.  Legal Standards

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore

---

[2] As noted above, however, the Fourth Circuit directed this Court to rule on Plaintiff's Rule 59 motion. (Dkt. No. 51). Plaintiff's requested relief conflicts with the instructions the Fourth Circuit gave this Court. Acordingly, the Court DENIES Plaintiff's motion for enlargement of time. (Dkt. No. 58).

a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

**III.    Discussion**

After a de novo review of the record and the Magistrate Judge's detailed 44-page R&R, the Court finds that the Magistrate Judge ably addressed the issues and correctly determined that Plaintiff's case should not be restored, that Plaintiff's motions to recuse should be denied, and that Plaintiff's motion for reconsideration of the May 27, 2025 Order and May 28, 20205 Text Order be denied. *See* (Dkt. No. 52 at 10-11) (explaining why the motions to recuse are meritless); (*Id.* at 12) (explaining why Plaintiff's Rule 59 motion for reconsideration fails as it does not demonstrate a change in controlling law, is not based on any new evidence, and points out no clear errors of law).

As to the motion to restore, the Magistrate Judge carefully detailed why Plaintiff cannot meet Rule 60(b)'s threshold requirement of showing a meritorious claim. *See* (Dkt. No. 52 at 23-41). Plaintiff cannot show she has a meritorious claim for various independently sufficient reasons—reasons the Court summarizes here but which are explained in thorough detail in the R&R at the cited pages.

### Standing and Pro Se Representation

Plaintiff has not alleged sufficient facts showing she was *actually* appointed Decedent's personal representative—as opposed to simply claiming so. Consequently, she lacks standing to pursue claims on Decedent's behalf. (*Id.* at 24-25) (noting a wrongful death action inheres only in the Personal Representative and that statutory beneficiaries cannot proceed in their individual capacities). Additionally, even if Plaintiff was Decedent's legally appointed Personal Representative, Plaintiff cannot represent an artificial entity such as an estate pro se. At bottom, because Plaintiff lacks standing to sue, her claims are not meritorious. (*Id.* at 23-26).

### The Affordable Care Act Claim

Plaintiff's claim under the Affordable Care Act fails because she did not allege that she exhausted her claim and because Plaintiff seeks monetary damages—even though such relief is not available. (*Id.* at 28-30).

### Subject Matter Jurisdiction Over State Law Claims

The ACA is Plaintiff's only federal claim, but fails, as noted above. The Court would not exercise supplemental jurisdiction over Plaintiff remaining claims. *See* 28 U.S.C § 1367(c)(3). The Court would therefore only have original jurisdiction if it had diversity jurisdiction over Plaintiff's remaining claims.

The Court, however, lacks diversity jurisdiction over Plaintiff's remaining state law claims because Defendant Greenwood Regional Rehabilitation Hospital is alleged to be a South Carolina resident, (*Id.* at 30-31) and Plaintiff likewise alleges she is a South Carolina resident, (*Id.* at 30).

**Personal Jurisdiction Over the Georgia/Delaware Defendants**

The complaint lacks adequate allegations to establish personal jurisdiction over MCG, Select Specialty Hospital—Augusta, Inc., Select Medical Holdings Corp., and Mabes. As explained in the R&R, the complaint does not allege why there is specific jurisdiction over these foreign defendants in South Carolina. (*Id.* at 34) ("The Complaint contains no allegations showing that the Georgia/Delaware Defendants purposefully availed themselves of the privilege of conducting certain activities in South Carolina. Plaintiff's claims all arise out of the Georgia/Delaware Defendants' treatment of the Decedent in a hospital located in Georgia.").

**Failure to Comply with Pre-Suit Requirements**

As explained in the R&R, Plaintiff cannot show she has a meritorious claim because under both South Carolina and Georgia law she failed to comply with pre-suit requirements for medical malpractice claims like those Plaintiff's complaint brings. (*Id.* at 35-40).

**Eleventh Amendment Immunity**

Further, MCG is a state agency entitled to Eleventh Amendment immunity, again showing why Plaintiff's claims are not meritorious. *See* (*id.* at 40) (string citing cases holding as much).

**Exceptional Circumstances**

Plaintiff likewise has not established exceptional circumstances warranting reopening her case.

> Plaintiff advances a single argument in support of her Motion—she contends that Defendants delayed in turning over the Decedent's medical records. See ECF Nos. 12 at 1; 47 at 30 ("[E]xceptional circumstances include defendants' unreasonable delay in providing timely requested medical records for the required medical expert

> affidavit."). Plaintiff has submitted several documents in support. ECF No. 47-1. However, those documents, which include correspondences, records request forms, and birth, death, and marriage certificates for the Decedent, are heavily redacted and provide no explanation as to why the purported delay in obtaining medical records is a proper basis for restoring this action. Despite multiple opportunities to provide argument and evidence to support her Motion, Plaintiff has failed to articulate a plausible basis to show exceptional circumstances in this case such that the Court should reopen the matter

(*Id.* at 41).

### Plaintiff Cannot Satisfy Rule 60's Enumerated Factors

Plaintiff cannot meet the threshold four factors needed to reopen her case under Rule 60(b). *Wells Fargo Bank, N.A., AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Even if she could, however, she has not shown she satisfies any of Rule 60(b)'s six grounds for relief from judgment. *Coomer v. Coomer*, 217 F.3d 838 (4th Cir. 2000) ("In the unlikely event the moving party can clear this onerous four-part threshold, he must then satisfy one of the six enumerated factors set forth in Rule 60(b).").

> As to the first factor, there is no evidence in the record before the Court of any mistake, inadvertence, surprise, or excusable neglect. Plaintiff premises her Motion to Restore solely on the assertion that she was delayed in gathering medical records for the Decedent. But Plaintiff has not provided an explanation as to why she was unable to gather any necessary medical documents for the Decedent after her death in December 2021 until the filing of Plaintiff's Motion to Restore in February 2025 other than to assert, without evidentiary support, that Defendants caused the delay. The record is devoid of any evidence of any mistake, inadvertence, surprise, or excusable neglect. Similarly, as to the second factor, Plaintiff has not identified any newly discovered evidence that, with reasonable diligence, could not have been previously discovered. As to the third factor, there is no indication of any fraud, misrepresentation, or misconduct by an opposing party. Although Plaintiff argues Defendants caused delay in getting medical records, she provides no evidence or explanation as to any specific conduct by any Defendant in causing the delay. The fourth and fifth factors—that the judgment is void or the judgment has been satisfied, released, or discharged—are inapplicable. As to the sixth factor, Plaintiff has not identified any other reason that justifies relief, and the Court cannot discern any.

(Dkt. No. 52 at 42).

Accordingly, the Court denies Plaintiff's motion to restore.

## IV.     Conclusion

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No 52) as the Order of the Court, **DENIES** Plaintiff's motion to restore (Dkt. No. 12), **DENIES** Plaintiff's motions for recusal (Dkt. Nos. 7, 13, 47), **DENIES** Plaintiff's motion for reconsideration (Dkt. No. 46), **DENIES** Plaintiff's motion for extension of time (Dkt. No. 58), and **DENIES** all other pending motions as moot.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>United States District Judge

September 30, 2025<br>
Charleston, South Carolina